Case No. 24-6136

# In The
# United States Court of Appeals
# for the Ninth Circuit

_____

J. DOE 1, et al.,
Individually and on behalf of all others similarly situated,

*Plaintiffs and Petitioners*

v.

GITHUB, INC., et al.,

*Defendants and Respondents*

_____

Petition for Permission to Appeal a Certified Order from
the United States District Court for the Northern District of California,
No. 4:22-cv-06823-JST, Hon. Jon S. Tigar

**MOTION TO SEAL DEFENDANT-RESPONDENTS MICROSOFT CORP. AND GITHUB INC.'S ANSWER TO PETITION FOR PERMISSION TO APPEAL**

| | | |
|---|---|---|
| **JOSEPH R. SAVERI**<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California St., 1505<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>Email:<br>jsaveri@saverilawfirm.com | **MATTHEW BUTTERICK**<br>1920 Hillhurst Avenue, #406<br>Los Angeles, CA 90027<br>Telephone: (323) 968-2632<br>Email:<br>mb@butlericklaw.com | **MAXWELL V. PRITT**<br>**JESSE PANUCCIO**<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st FL<br>San Francisco, CA 94104<br>Telephone: (415) 293-6800<br>Email: mpritt@bsfllp.com<br>jpanuccio@bsfllp.com |

*Attorneys for Plaintiff-Petitioners and the Proposed Class*

# INTRODUCTION

Pursuant to Fed. R. App. P. 27 and 9th Cir. R. 27-13, Plaintiff-Petitioners J. Does 1-5, ("Petitioners") respectfully move the Court to redact and seal information that can be used to personally identify Petitioners Doe 1 and Doe 2, which Defendant-Respondents GitHub, Inc. and Microsoft Corp. ("Respondents") provisionally filed under seal in their Answer to Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b). Dkt. 14.2. By the motion, Petitioners seek to maintain the sealing of the limited information previously ordered sealed by the district court. In particular, Petitioners seek to seal their identities and information sufficient to identify them. Petitioners seek to seal this information because of threats against them, including threats of violence and bodily harm. Petitioners presented evidence of such threats and based on this evidence, the district court made factual findings that Petitioners faced serious and repeated threats of physical violence should their identities be revealed. That threat continues. Further, Respondents still have identified no prejudice in allowing Petitioners to proceed pseudonymously. Indeed, Petitioners' identities were disclosed to Respondents under the protection of the protective order entered by the district court.

By their motion, Petitioners seek to maintain under seal only those portions of the record that the district court ordered sealed after taking evidence regarding the likely harm to Petitioners. Petitioners do not request that material other than

1

information used to personally identify Petitioners in the instant motion be maintained under seal or otherwise to expand the limited scope of sealed material.

## FACTUAL BACKGROUND

Petitioners filed their lawsuit pseudonymously using fictitious names, because they reasonably feared they would be subject to threats of retaliation and violence if their identities were known to the public.[1] Those fears were unfortunately well-justified. Petitioners, through their counsel, received numerous threats of physical violence. These are specific threats of violence sent directly to Petitioners' counsel. Declaration of Joseph Saveri ("Saveri Decl."), Ex. 1. Indeed, the threats of physical violence predate the filing of Petitioners' initial Complaint. *Id.* at ¶ 2. One message states: "I literally hope someone murder you." *Id.*, Ex.1 at 1. Mere days after Petitioners filed their initial Complaint, Petitioners' counsel received the following message: "go f*****g cry about github you f*****g piece of s**t n****r, I hope your throat gets cut open and every single family member of you is burnt to death." *Id.*, Ex. 1 at 2. These are only examples. Petitioners' counsel received other threats, which were passed on for investigation to the Federal Bureau of Investigation. *Id.* at ¶ 4.

Respondents objected to Petitioners' efforts to protect themselves. The

---

[1] Other than the names and other information which could be used to identify Petitioners, Petitioners did not seek to seal any of the other material set forth in the operative complaints. Declaration of Joseph Saveri at ¶ 5.

2

district court asked for an evidentiary showing supporting proceeding pseudonymously and protecting otherwise identifying information. Petitioners made the requisite showing, including providing examples of the many serious threats of violence to Petitioners and Petitioners' counsel, including those referred to above. *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 852 (N.D. Cal. 2023) ("*Doe 1*"); *See also*, Saveri Decl., Ex. 1 (examples of threatening emails). Respondents, as here, opposed the motion. Having received the evidence, and giving Respondents an opportunity to respond, the district court entered a thorough, reasoned opinion analyzing that evidence and properly applying the applicable Ninth Circuit legal standard. In its order, the district court carefully balanced the need for public disclosure against the privacy interests of Petitioners and the demonstrable and likely harm to them that would result from public disclosure of their identities. The district court concluded that the Petitioners had made a sufficient showing, establishing good cause to redact and seal their personally identifying information. In particular, the district court found evidence of serious and repeated online threats of violence and harassment sent to Petitioners and their counsel as sufficient basis for Petitioners proceeding pseudonymously. *Doe 1* at 852–53 ("The threatened harm in this case—death –is plainly severe."); *See also*, Saveri Decl*.*, Ex. 1. Since then, the litigation has proceeded pseudonymously pursuant to the district court's order.

3

On October 8, 2024. Petitioners filed their Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b). Dkt. 1. On October 17, 2024, Respondents filed their Notice of Intent to Unseal and Document Submitted Provisionally Under Seal. Dkt.13. On October 17, 2024, Respondents filed their Answer to Petition for Permission to Appeal Order Under 28 U.S.C. § 1292(b) provisionally under seal. Dkt. 14. Respondents provisionally redacted Petitioner Doe 1's computer code on page 13 (pg. 20 of 35) and a description of Petitioner Doe 2's computer code on page 24, (pg. 31 of 35), previously sealed in the district court proceedings. Dkt. 14.2. This information, if revealed, could reveal the identities of Petitioners, subjecting them to the serious and real threats of violence avoided by the district court's order. *See Doe 1* at 852–54. Respondents have not sought to appeal the district court's order protecting Petitioners' identities.

## ARGUMENT

9th Cir. R. 27-13(f) provides that if a party seeks to continue a seal or redaction issued by the district court that the opposing party filed provisionally under seal, it must move for appropriate relief within 21 days of the filing of that provisionally sealed document. 9th Cir. R. 27-13(e) states that a party moving for sealing or redaction must explain "the specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Here, repeated violent death threats aimed at Petitioners and their counsel are the reasons

4

Petitioners continue to seek to proceed anonymously and seek to continue to redact information that could be used by the public to personally identify them. The irreparable injury here is potential violence or death.

The violent threats Petitioners and their counsel received upon filing this lawsuit are disturbing and caused the district court below to allow Petitioners to proceed pseudonymously. *Doe 1* at 852. Information that can be used to personally identify Petitioners has been consistently sealed and redacted in the district court proceedings. Respondents have not been prejudiced in any way.

Parties may proceed pseudonymously "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) ("*Advanced Textile*"). The threats of physical harm which have occurred here "present[ ] the paradigmatic case for allowing anonymity." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) ("*Kamehameha*"). Where a party seeks to proceed pseudonymously because of the threat of retaliation or other threatened harm, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Kamehameha* at 1042.

5

The first two factors of the balancing test for retaliatory harm severity of the threatened harm and the reasonableness of the fear of such harm—"are intricately related and should be addressed together." *Id.* at 1040. Petitioners need not prove the speakers" intend to carry out the threatened retaliation, but rather "that a reasonable person would believe that the threat might actually be carried out." *Advanced Textile* at 1071. It is in the purview of the court to view alleged threats in context and determine what the "reasonable" person in the Petitioners' situation would fear. *Kamehameha* at 1044.

The district court, after reviewing only a sample of threatening emails (*see* Saveri Decl., Ex. 1), found that Petitioners and their counsel have been subject to repeated "veiled threats wishing death upon Plaintiffs' counsel on the basis of his involvement in this lawsuit." *Doe 1* at 852. Respondents do not appear to contend to the contrary. Based on the evidence presented, the district court found it reasonable for Petitioners to fear that threats might be carried out against them if their identities were to become public based on emails that wished death upon their counsel. *Id*. at 853. Further, neither the court nor the Respondents identified at the time—nor since then—any prejudice to proceeding pseudonymously. *Id.* Indeed, Petitioners' identities are known to them subject to the underlying protective order in the case, such that Respondents are able to defend themselves in the underlying litigation. Finally, the court found that where, like here, the Petitioners' identities

6

are not central to the issues raised by a case, the public interest may not be harmed by permitting Petitioners to proceed pseudonymously. *Id*. Consideration of these factors lead the district court to allow Petitioners to proceed pseudonymously, and they continue to warrant the redaction of personally identifying information at issue here. *Id.* There has been no prejudice to Respondents since then.[2]

Respondents provide no justification for overturning the district court's factual findings and ruling allowing Petitioners to proceed anonymously for their personal safety. Respondents' attempts to minimize or slough off the real and serious threats made against Petitioners are not well-taken. The district court found the threats are real and serious. Moreover, the Ninth Circuit rules which control sealing do not provide a rationale for overturning the district court's findings or ruling either. The district court's ruling was grounded in the facts and amply supported by applicable Ninth Circuit law. *Doe 1* at 852-53 (citing cases).[3] Also, the sealing motion is as narrowly tailored as feasible, seeking to seal only Petitioners' names and personally identifying information. By sealing this

---

[2] Counsel has been provided with Petitioners' names and other information. Discovery has progressed in the district court, including the production of documents and responses to interrogatories on behalf of Petitioners pursuant to the Protective Order issued in the case. Petitioners also participated in court-sponsored mediation before the Honorable Sallie Kim.

[3] The district court's order is based on factual findings regarding the threats and other unsettling communications targeted at Petitioners and their counsel. Those findings are entitled to deference. *See* Fed. R. Civ. P. 42(a).

7

information, consideration of the merits of the appeal will not be limited in any way nor will any prejudice inure to the parties.

For these reasons, Petitioners respectfully request the Court continue to maintain the provisional redactions in Respondents' Answer: (1) a paragraph of Petitioner Doe 1's computer code from their GitHub repository that could be used to personally identify them, and (2) a description of Doe 2's Code that could be used to personally identify them. Dkt. 14.2.

| PAGE | REASON |
|---|---|
| 13 (pg. 20 of 25 of Dkt.14.2) | Computer Code that can be used to personally identify Doe 1. |
| 24 (pg. 31 of 35 of Dkt.14.2) | Description of Computer Code that can be used to personally identify Doe 2. |

## POSITION OF OPPOSING COUNSEL

Petitioners notified Respondents' counsel of this Motion. Respondents oppose Petitioners' request to continue to seal the above information that can be used to personally identify Petitioners.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request the Court continue to redact the personally identifying information provisionally filed under seal on pages 13 and 24 of Respondents' Answer to Petition for Permission to Appeal Order Under 28 U.S.C. § 1292(b). Dkt.14.2.

Dated: November 7, 2024 */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri
Christopher K. L. Young
William W. Castillo Guardado
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: wcastillo@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Maxwell V. Pritt
Joshua M. Stein
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Email: mpritt@bsfllp.com
Email: jstein@bsfllp.com

Jesse Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Email: jpanuccio@bsfllp.com

*Attorneys for Plaintiff-Petitioners and the Proposed Class*

9

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits permitted by Federal Rules of Appellate Procedure 27(d). The brief is 9 pages. The type size and typeface comply with Rule 32(a)(5). I further certify that this brief complies with the typeface and type-style requirements of Rule 32(a)(5)-(6) because it is printed in a proportionally spaced 14-point font, Times New Roman.

Dated: November 7, 2024                  */s/ Joseph R. Saveri*
                                                        Joseph R. Saveri

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of November, 2024, I caused a copy of the foregoing motion to be served on all counsel of record by way of email.

Dated: November 7, 2024     By: /s/ Joseph R. Saveri

11