No. 24-6136

IN THE
# United States Court of Appeals for the Ninth Circuit

J. DOE, 1; J. DOE, 2-5,
individually and on behalf of all others similarly situated,
*Plaintiffs-Petitioners*,

*v.*

GITHUB, INC., a Delaware corporation; MICROSOFT CORPORATION, a
Washington corporation; OPENAI, INC., a Delaware nonprofit
corporation; OPENAI, LP, a Delaware limited partnership; OPENAI GP,
LLC, a Delaware limited liability company; OPENAI STARTUP FUND GP I,
LLC, a Delaware limited liability company; OPENAI STARTUP FUND I,
LP, a Delaware limited partnership; OPENAI STARTUP FUND
MANAGEMENT, LLC, a Delaware limited liability company; OPENAI
OPCO, LLC; OPENAI, LLC; OPENAI GLOBAL, LLC; OAI CORPORATION;
OPENAI HOLDINGS, LLC; OPENAI HOLDCO, LLC; OPENAI INVESTMENT;
OPENAI STARTUP FUND SPV I, LP; OPENAI STARTUP FUND SPV GP I,
LLC,
*Defendants-Respondents*.

Petition for Permission to Appeal an Order from the
United States District Court for the Northern District of California
No. 4:22-cv-06823-JST, Hon. Jon S. Tigar

## OPPOSITION OF GITHUB AND MICROSOFT TO
## PETITIONERS' MOTION TO SEAL

Christopher J. Cariello
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

Annette L. Hurst
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
(415) 773-5700

*Additional Counsel Listed on Inside Cover*

William W. Oxley
Alyssa M. Caridis
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA  90071

*Counsel for Defendants-Respondents*
*GitHub, Inc. and Microsoft Corporation*

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................. 1

FACTUAL BACKGROUND ................................................................. 3

ARGUMENT ........................................................................................ 8

    I.    Plaintiffs Must Meet An Exacting Standard To Justify
          Sealing Their Names And Source Code. ................................. 8

    II.   Plaintiffs Fail To Establish A Basis For Proceeding
          Pseudonymously Or Maintaining Source Code Under
          Seal. ..................................................................................... 11

CONCLUSION ................................................................................... 17

CERTIFICATE OF COMPLIANCE

## INTRODUCTION

In 2021, GitHub and Microsoft launched Copilot, a revolutionary generative artificial intelligence tool that helps programmers write code more efficiently. Copilot works by building knowledge from billions of lines of public, open-source source code, and puts that knowledge at every developer's fingertips.

Most developers love it, but a handful of them decided to sue. As they have before the district court, Plaintiffs seek to proceed in this Court without revealing their identities to the public. While proceeding pseudonymously is an extraordinary ask under the facts here, Plaintiffs want much more than that. Purportedly in service of their anonymity, they would keep from public view the content of their otherwise publicly-available source code that is central to their attempt to establish standing and state claims against GitHub and Microsoft. And they make this request as putative representatives for absent class members, who have an interest in knowing who is litigating this case and on what basis.

Plaintiffs' only justification for proceeding pseudonymously is a handful of two-year-old, one-off emails sent from internet trolls to

1

Plaintiffs' counsel. These emails are reprehensible, but they are an unfortunate reality of modern life. They overcome neither this Court's "strong presumption in favor of access to court records," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), nor "the public's First Amendment and common law rights of access." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1097 (9th Cir. 2014). Plaintiffs fail to make the requisite showing that this is the sort of "unusual" or "extraordinary" case in which their identities must remain shrouded. *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008).

At a minimum, this Court should decline Plaintiffs' request to hide their source code from the public. Plaintiffs urge this Court to grant their petition in part to provide "guidance" that would "benefit those similarly situated" in "other cases challenging AI models." Pet. 15-16. Microsoft disagrees that resolution of Plaintiffs' vague legal theory could ever provide meaningful guidance in other cases. But certainly no decision can provide guidance to courts and litigants if they cannot see the material allegations upon which it is based. This Court

2

should not allow an already-tenuous request for anonymity to shroud the substantive details of the case.

## FACTUAL BACKGROUND

**1.** Plaintiffs filed their initial Complaint as "J. Doe 1" and "J. Doe 2," D. Ct. Dkt. 1,[1] and subsequently added named Plaintiffs have similarly sought to proceed pseudonymously, *see* D. Ct. Dkt. 97.  As before this Court, Plaintiffs' showing in support of proceeding pseudonymously was based solely on three threatening emails sent from individuals seemingly unrelated to the case "directly to Plaintiffs' counsel."  D. Ct. Dkt. 71 at 2; *compare* D. Ct. Dkt. 68-1, 68-2, 68-3, *with* Dkt. 22 (Saveri Decl. Ex. 1).

The first of these emails was sent to Plaintiffs' counsel on October 27, 2022—shortly before Plaintiffs filed their Complaint—seemingly prompted by counsel's public solicitation for class action plaintiffs.  The latter two emails were sent to the same counsel the following week, just after Plaintiffs initiated the lawsuit.  *See* Dkt. 22.  Citing Plaintiffs' counsel's involvement in this lawsuit, they say that Plaintiffs' counsel

---

[1] We cite to the docket in this Court as "Dkt." and the docket in the district court, *Doe 1 v. GitHub*, 4:22-cv-06823-JST (N.D. Cal.), as "D. Ct. Dkt."

3

should "kill urself," that "I literally hope someone murder [sic] you," and other disturbing statements (including a racial slur). Dkt. 22.

While acknowledging that the emails were "truly awful and unfortunate," GitHub and Microsoft opposed Plaintiffs' attempt to proceed pseudonymously. D. Ct. Dkt. 75; *see* D. Ct. Dkt. 50 at 7 & n.*; D. Ct. Dkt. 72 at 14-15. The three emails were "not personal threats of harm," but more consistent with internet "trolling" sent in response to Plaintiffs' counsel's "highly public attempts to solicit plaintiffs for this lawsuit." D. Ct. Dkt. 72 at 14-15. And none of the Plaintiffs themselves offered any statements or declarations explaining that they felt personally threatened by these communications or that they would refuse to proceed unless permitted to remain anonymous. *Id.* at 15. Plaintiffs thus failed to satisfy the high bar under this Court's case law for proceeding pseudonymously.

**2.** The district court addressed Plaintiffs' request to proceed pseudonymously early in the case, in the same order in which it decided Defendants' motion to dismiss the initial Complaint. *See Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 852 (N.D. Cal. 2023). The district court noted that "Plaintiffs highlight three threatening emails sent to

4

counsel," directed to "Plaintiffs' counsel on the basis of his involvement in this lawsuit." *Id.* It found that the threatened harm in the emails "severe," that it was "reasonable" for Plaintiffs to fear these threats, and thought the public interest was "not harmed" because "plaintiffs' identities are not central to the issues." It thus permitted "Plaintiffs [to] proceed pseudonymously *at this time.*" *Doe 1*, 672 F. Supp. 3d at 854 (emphasis added).

**3.** This order addressed only Plaintiffs' desire to conceal their *names* from public view. Soon after, however, Plaintiffs would rely on the same purported need for anonymity to conceal *source code* quoted in their First Amended Complaint. *See* D. Ct. Dkts. 97, 98. (Plaintiffs have made and continue to make this source code publicly available on GitHub, so their desire to remain anonymous is the only basis for their sealing request.)

In resolving Defendants' motions to dismiss the initial Complaint, the district court found that Plaintiffs lacked standing to seek damages because they failed to plausibly allege that Copilot had ever actually output any of Plaintiffs' code. *Doe 1*, 672 F. Supp. 3d at 850-52. Attempting to manufacture damages standing, Plaintiffs entered long

5

portions of their own code into Copilot to coax it to suggest a further

passage of code that resembled Plaintiffs'. *See* D. Ct. Dkt. 135 ¶¶ 106-

25. Claiming that it was necessary to preserve their anonymity,

Plaintiffs asked to seal allegations quoting this source code. *See* D. Ct.

Dkt. 97 at 2-3; D. Ct. Dkt. 197 at 2-3. They argued that someone could

use the source code to identify them. *See* D. Ct. Dkt. 97 at 2-3; D. Ct.

Dkt. 197 at 2-3.

GitHub and Microsoft continued to lodge their objections to

Plaintiffs' assertions of sealing. *See* D. Ct. Dkt. 107 at 2; D. Ct. Dkt. 214

at 2. But the district court granted Plaintiffs' requests to seal the

source code—material allegations in the Plaintiffs' operative

complaints—without rebalancing the relevant factors. *See* D. Ct. Dkts.

133, 204. As a result, the public has been unable to see the

contrivances Plaintiffs had to employ to try to demonstrate standing, or

their failures to show that Copilot output would ever remotely resemble

a "copy" of Plaintiffs' works under § 1202.

**4.** When Plaintiffs filed their Petition for Permission to Appeal

before this Court, they filed redacted versions of supporting documents.

*See* Dkt. 1-1. In opposition, GitHub and Microsoft explained that

6

"Plaintiffs lack standing for their § 1202(b) claims" because they "have never plausibly alleged that Copilot *ever has or would* output something resembling *their* code," "an issue that would prevent resolution on the merits." Dkt. 14 (GH/MSFT Response) at 19-20. GitHub and Microsoft also explained how Plaintiffs' "example that Plaintiffs coaxed out of Copilot by entering verbatim *twenty-two* lines of their own code" reveals that Plaintiffs claims are meritless. *Id.* at 13. GitHub and Microsoft therefore quoted some of that code, *see id.* at 13, 23-24, while including (provisionally under seal) an unredacted version of the operative Second Amended Complaint, *see* Dkt. 13.

Plaintiffs now seek to seal their names and code on the basis that they should be permitted to proceed pseudonymously. Plaintiffs say their code is "information that can be used to personally identify" Plaintiffs. Mot. 1. The entirety of Plaintiffs' showing is the same three emails from 2022 and a vague reference to "other threats," unaccompanied by any declaration from any Plaintiff. Mot. 2.

Meanwhile, Plaintiffs' counsel has continued to publicize the case and his involvement in it, seemingly perceiving no danger to doing so.[2]

## ARGUMENT

### I. Plaintiffs Must Meet An Exacting Standard To Justify Sealing Their Names And Source Code.

Under this circuit's rules, a party moving for sealing or redaction must explain "the specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." 9th Cir. R. 27-13(e). The sole basis Plaintiffs provide for sealing both their names and material allegations in the Second Amended Complaint is the desire to remain anonymous.

---

[2] *See* Manuel G. Pascual, *The Activist Who's Taking On Artificial Intelligence In The Courts: 'This Is The Fight Of Our Lives,'* El País (Jan. 4, 2024), https://tinyurl.com/497wpma3; Kate Knibbs, *Meet The Lawyer Leading The Human Resistance Against AI*, WIRED (Nov. 22, 2023), https://tinyurl.com/48zf6erh; Natalie Hanson, *GitHub Mounts Second Attempt To Toss Anonymous Code Writers' Claims Of Software Piracy*, Courthouse News Service (Nov. 9, 2023), https://tinyurl.com/4jaj98az; Jared Newman, *Matthew Butterick And Joseph Saveri Are Suing AI's Biggest Players*, Fast Company (Sept. 21, 2023), https://tinyurl.com/35vmp4bd; Luke Plunkett, *The Future Of Art Is In AI's Hands*, Fast Company (Aug. 10, 2023), https://tinyurl.com/yxtmjuew; Thomas Claburn, *GitHub, Microsoft, OpenAI Fail To Wriggle Out Of Copilot Copyright Lawsuit*, The Register (May 12, 2023), https://tinyurl.com/bdha3mek.

"To determine whether to allow a party to proceed anonymously when the opposing party has objected," a court "must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citation omitted). "In this circuit, the common law rights of access to the courts and judicial records are not taken lightly." *Id.* A plaintiff's case must accordingly be "unusual" and "extraordinary" to warrant proceeding anonymously. *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008).[3]

Plaintiffs bear the burden of meeting this standard and establishing the need to maintain their names and source code under

---

[3] *Accord Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) ("the circumstances must be 'exceptional.'"); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions … disfavor anonymous litigation."); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (anonymity is reserved for "exceptional cases"); *United States v. Wares*, 689 F. App'x 719, 724 (3d Cir. 2017) ("A defendant's right to the use of a pseudonym should only be granted in 'unusual' or 'exceptional' cases where it is necessary to protect an individual from injury or harassment.") (quoting *United States v. Doe*, 488 F.3d 1154, 1155-56 n.1 (9th Cir. 2007)).

seal.  Resisting the need to establish a basis for sealing at *this* stage, before *this* Court, Plaintiffs frame the issue as whether "Respondents [can] overturn[] the district court's factual findings and ruling allowing Petitioners to proceed anonymously."  Mot. 7.  But this is not an appeal from the district court's initial ruling on pseudonymity.  Plaintiffs are "part[ies] who wish[] to submit" material "under seal."  9th Cir. R. 27-13(e).  As with any party to an appeal, they must justify sealing "whether or not [the material] was sealed in the district court."  *Id.*  This Court must then make its own assessment of whether sealing of any portion of a document is warranted in the context of the proceedings at issue.  *See* 9th Cir. R. 27-13(a).

But even if this Court were to afford the district court's decision some measure of deference, the circumstances now are far different than they were 18 months ago.  Two years have passed since the purported basis for pseudonymity arose in the form of three emails.  Plaintiffs, moreover, have expanded the scope of material they seek to maintain under seal beyond their names—the only material at issue when the district court initially permitted Plaintiffs to proceed pseudonymously.  This Court should apply the relevant legal standard

to the facts and circumstances as they exist now in order to decide whether sealing before this Court is justified.

## II. Plaintiffs Fail To Establish A Basis For Proceeding Pseudonymously Or Maintaining Source Code Under Seal.

Plaintiffs cannot come close to satisfying the standard for proceeding pseudonymously. As to the first factor—the severity of the threatened harm, *Kamehameha*, 596 F.3d at 1042—the emails at issue could be interpreted as including implicit threats of harm, albeit directed at Plaintiffs' counsel. *Supra* 3-4. But there has been no further correspondence, let alone some indication that any threat may materialize. These emails are the sort of odious trolling that is an unfortunate reality of the modern internet, and that cannot justify proceeding in secret. Each of the remaining factors weighs against pseudonymous litigation.

***Plaintiffs have no reasonable fear of harm.*** Plaintiffs fail to show that the three emails counsel received two years ago establish a reasonable fear that they will be harmed.

This Court's decision in *Doe v. Kamehameha* is instructive. There, four minor children sought to proceed anonymously in their suit against Kamehameha Schools for racial discrimination. *Kamehameha*, 596

11

F.3d at 1038. The threats in the case were plainly severe. One mother of a plaintiff provided an affidavit recounting that, after the settlement of an earlier proceeding was leaked to the press, "there were calls to 'break [the plaintiff's and his attorney's] every bone and make [those] bastards suffer,'" and a statement that "now the boy will have to pay." *Id.* at 1040. There were also "various internet postings regarding [plaintiffs'] lawsuit," including one "predict[ing]" that plaintiffs "were 'jus gonna get lickins everyday,'" and were "gonna be targeted by some crazy" individuals "armed with baseball bats or guns." *Id.*

This Court nevertheless declined to permit the four minor plaintiffs to proceed anonymously. It observed that "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out." *Id.* at 1045. It noted that, although plaintiffs were able to "cull[] … a few comments" containing threats of violence, those comments were not enough to warrant anonymity, even for children-plaintiffs. *Id.* And the Court observed that another plaintiff had "used his real name in litigation" against the same defendant without issue, *id.*, and plaintiffs were able to participate in activities (there, attending the school) "with no

12

reported incidents," *id.* These real-world facts refuted the concerns plaintiffs expressed to justify anonymity.

Plaintiffs' showing here is far weaker than in *Kamehameha.* The emails at issue are less direct and severe, and again they are two years old. *See* Dkt. 22 (Ex. 1). The context of the emails sent to Plaintiffs' counsel suggests an initial spike in public attention sparked by Plaintiffs' "highly public attempts to solicit plaintiffs for this lawsuit" and counsel's public outreach after filing the complaint. *Supra* 3-4 (citation omitted).

Plaintiffs provide no indication that these online threats carry real-world risk. *See Kamehameha*, 596 F.3d at 1045. Over two years later, there are now more a dozen cases challenging generative AI tools, none with anonymous plaintiffs other than this one. Plaintiffs have provided no new evidence or indication that any credible threat against them continues to exist. And Plaintiffs' counsel has continued to promote the case and make public speaking engagements, without any indication that he has perceived any risk. *See supra* 7-8 & n.2. Whatever Plaintiffs may have feared at the time the emails were sent, any such fears are no longer reasonable.

13

***Plaintiffs are not vulnerable to retaliation.*** Plaintiffs make no showing that they are "vulnerab[le] to … retaliation." *Kamehameha*, 596 F.3d at 1042. They do not claim to be minors, victims of abuse, or combatants on one side of a politically charged issue. There is no "principled basis" to distinguish these Plaintiffs from any other civil litigant in any case. *Stoterau*, 524 F.3d at 1012-13 (requiring party to proceed under his real name since the asserted "concern is equally present for all similarly situated," so "we cannot say that [this party's] case is unusual").

***GitHub and Microsoft will be prejudiced.*** Insofar as pseudonymous litigation would also result in sealing of source code, GitHub and Microsoft would be prejudiced by the inability to vindicate their products in view of the public. *See Kamehameha*, 596 F.3d at 1045 n.7 (recognizing this form of prejudice). Plaintiffs challenge a groundbreaking and popular new technology with over a million users. GitHub and Microsoft have an interest in demonstrating to these users how spurious Plaintiffs' challenge is—for example, that Plaintiffs are basing their claims in part on Copilot outputting source code consisting of a series of naturally occurring organic compounds in a well-known

list format readily available on Wikipedia. *See* Dkt. 14 at 24; D. Ct. Dkt. 108 at 7.

Plaintiffs attempt to downplay the significance of their redactions by labeling the source code "personally identifying information." Mot. 7; *see* Mot. 8 (requesting sealing of "Computer Code" of Does 1 and 2). But it was Plaintiffs who included this source code in the material allegations of their complaints in an attempt to address deficiencies in the initial Complaint. Having attempted (albeit unsuccessfully) to plug substantives holes in their case with the source code, they cannot now claim that it is insignificant.

***Sealing harms the public interest.*** Finally, the "paramount" public interest in "open courts" weighs strongly against allowing Plaintiffs to seal their names and source code. *Kamehameha*, 596 F.3d at 1046. This Court has cautioned that a "significant broadening of the circumstances in which [this Court] ha[s] permitted pseudonymity" would be "contrary to our long-established policy of upholding 'the public's common law right of access to judicial proceedings.'" *Stoterau*, 524 F.3d at 1013 (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). That is why "[t]he threat of

15

hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Stegall*, 653 F.2d at 186. Yet if Plaintiffs were permitted to proceed pseudonymously here, that would justify immediate and indefinite anonymity in any case where counsel receives harassing emails.

For reasons just explained, moreover, sealing the source code as Plaintiffs demand would obscure the substance of the petition from view. The public would remain in the dark as to who is challenging the technology, and their basis for doing so. Potential amici would be unable to take a meaningful position, or even evaluate whether they should take a position at all. *See Stegall*, 653 F.2d at 185 ("Public access" to plaintiffs' names "is more than a customary procedural formality; First Amendment guarantees are implicated") (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)); *Index Newspapers*, 766 F.3d at 1097. And, again, it is Plaintiffs who are urging this Court to grant review to provide guidance for other cases. If this Court is inclined to agree, the public interest in understanding the basis for any decision is even weightier still.

## CONCLUSION

The Court should deny Plaintiffs' motion to seal.

November 18, 2024                    Respectfully submitted,


                                     /s/ Annette L. Hurst
William W. Oxley                     Annette L. Hurst
Alyssa M. Caridis                    ORRICK, HERRINGTON &
ORRICK, HERRINGTON &                    SUTCLIFFE LLP
   SUTCLIFFE LLP                     405 Howard Street
355 S. Grand Avenue, Suite 2700     San Francisco, CA 94105
Los Angeles, CA 90071               (415) 773-5700


                                     Christopher J. Cariello
                                     ORRICK, HERRINGTON &
                                        SUTCLIFFE LLP
                                     51 West 52nd Street
                                     New York, NY 10019
                                     (212) 506-5000


                *Counsel for Defendants-Respondents*
                *GitHub, Inc. and Microsoft Corporation*

17

## CERTIFICATE OF COMPLIANCE

The response complies with the type-volume limitation of Ninth Cir. R. 27-1(d) & 32-3(2) because this response contains 3163 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Annette L. Hurst*
Annette L. Hurst
*Counsel for Defendants-Respondents*
*GitHub, Inc. and Microsoft Corporation*